## Solicitations for Charity

WOODWARD, Deputy Attorney General, May 28, 1942.—We have your request to be advised whether agencies which solicit contributions under the guise of "membership drives" are included within the provisions of the Solicitation Act of May 13, 1925, P. L. 644, as amended by the Act of June 20, 1935, P. L. 358, 10 PS §141 et seq., and, therefore, are required to obtain a certificate of registration before solicitation of funds.

The title of said act is as follows: "An act relating to and regulating the solicitation of moneys and property for charitable, religious, benevolent, humane, and patriotic purposes."

Section 1 of said act, referring to certificates of registration, provides as follows:

". . . thirty days after the approval of this act *it shall be unlawful for any person,* copartnership, association, or corporation, except in accordance with the provisions of this act, *to appeal to the public for donations or subscriptions in money or in other property,* or to sell or offer for sale to the public any thing or object whatever to raise money, or to secure or attempt to secure money or donations or other property by promoting any public bazaar, sale, entertainment, or exhibition, or by any similar means for any charitable, benevolent, or patriotic purpose, or for the purpose of ministering to the material or spiritual needs of human beings, either in the United States or elsewhere, or of relieving suffering of animals, or of inculcating patriotism, *unless the appeal is authorized by and the money or other property is to be given to a corporation, copartnership, or association holding a valid certificate of registration from the Department of Welfare,* issued as herein provided." (Italics supplied.)

Under section 11 (10 PS §151) of the act, as amended by the Act of June 22, 1931, P. L. 871, certain organizations are exempt from the provisions of the act requiring registration as follows:

"This act shall not apply to fraternal organizations incorporated under the laws of the Commonwealth, religious organizations, raising funds for religious purposes, colleges, schools, universities, labor unions, municipalities, or subdivisions thereof, nor to charitable institutions or agencies required by the provisions of existing law to file reports with the Department of Welfare or with any other department or office of the Commonwealth."

It is apparent that all such soliciting organizations are required by section 1 of the act to obtain a certificate of registration, unless they fall within the class of organizations expressly exempted therefrom by section 11 of the act.

The primary purpose of the Solicitation Act is to protect the public from illegal solicitation of funds. This purpose is well stated in the case of Commonwealth v. McDermott, 296 Pa. 299, 304 (1929).

The act aims to regulate appeals to the public for all donations or subscriptions in money or other property and, therefore, real or bona fide membership drives which are launched to secure memberships only would not come within the purview of the act; that is, donations or subscriptions as used in the Solicitation Act do not include legitimate membership fees or dues in an organization. However, if "membership drives" are used for the purpose of obtaining money or property rather than members, then organizations conducting such membership drives would come under the Solicitation Act unless the soliciting organization was exempt under section 11. The act cannot be circumvented by solicitation under the guise of membership drives for dues. See the case of Blume et al. v. Crawford County et al., 217 Iowa 545, 250 N. W. 733, 92 A. L. R. 757, where it was held that "dues" and "pledges" are not synonymous.

The Department of Welfare, under section 4 of the Solicitation Act, has the distinct and positive right and

duty to look beyond the name "membership drive" to determine the real purpose of the drive; that is, whether the drive is being used to obtain money or members, whether payments are "dues" or "donations" or "subscriptions". See Commonwealth v. McDermott, supra, where the purpose of the Solicitation Act is well presented as follows:

"It embraces specifically any and all kinds of associations that may be entirely or in part carrying out plans and campaigns for benevolent purposes; and its enactment was an exercise by the legislature of the police power of the State to prevent the public from being made the victim of swindling and corrupt operations engineered by persons or associations hiding their illegal practices under the guise of charity."

Standards for establishing this fact that organizations are using membership drives, not to obtain members, but for the primary purpose of obtaining "donations or subscriptions in money" should be included in rules and regulations established by the Department of Welfare and approved by the Department of Justice.

If your department should ascertain that a membership drive is being used, not to obtain members, but for the primary purpose of obtaining funds by way of donations or subscriptions, the organization would come within the provisions of the Solicitation Act, whether the association was in existence, or merely in the process of formation.

In view of the foregoing, we are of the opinion and you are accordingly advised that, since the Solicitation Act requires certificates of registration for organizations which make appeals to the public for donations or subscriptions in money or other property, or conduct any of the activities defined by the act, organizations conducting bona fide "membership drives" for members only do not come within the provisions of the Solicitation Act of May 13, 1925, P. L. 644, as amended by the Act of June 20, 1935, P. L. 358, 10 PS §141 et

seq. However, your department has the right and duty to look beyond the name of "membership drive" to determine the real object of the solicitation; that is, whether such drive is conducted for raising money or obtaining members. If such "membership drive" is used to obtain money contributions, subscriptions, or donations rather than members, the organization soliciting comes under the act, and your department should require that such organization obtain a certificate of registration under the Solicitation Act, supra, unless the soliciting organization is exempt under section 11 of the act.